In re Anthony SPAZIANO, Debtor.

CO–OP CREDIT UNION, Plaintiff,

v.

Louis A. GEREMIA, Trustee and Anthony Spaziano, Debtor, Defendants.

Bankruptcy No. 8100637.
Adv. No. 810351.

United States Bankruptcy Court,
D. Rhode Island.

Jan. 25, 1982.

William F. Hague, Jr., Providence, R. I., for plaintiff.

Joseph Palmieri, Providence, R. I., for debtor.

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on Plaintiff, Co-Op Credit Union's complaint for relief from the automatic stay, 11 U.S.C. § 362.

In 1977, the Debtor executed a promissory note to Co-Op, granting it a security interest in his 1976 Ford Granada automobile. This security interest was perfected pursuant to R.I.Gen.Laws § 31–3.1–19, and accordingly the Department of Motor Vehicles issued and delivered to Co-Op a title certificate listing Co-Op as first lienholder as of October 27, 1977.

On June 10, 1980, the Debtor obtained another loan and the parties executed a new promissory note and security agreement which again listed the automobile as collateral. The Plaintiff admits that it did not obtain a motor vehicle title certificate at that time. The Debtor filed a Chapter 7 petition on July 31, 1981.

The issue is whether the Plaintiff's failure to obtain a new title certificate in connection with the second security agreement renders its security interest unperfected.

Under Rhode Island law, a security interest perfected by notation on the motor vehicle title certificate is released when the lienholder executes and delivers a release and the title certificate to the owner. R.I. Gen.Laws § 31–3.1–22. No release was executed in this case, and the Plaintiff still holds the title certificate with its lien noted thereon.

This Court recently held in *Thorp Credit, Inc. v. Nason (In re Nason)*, 13 B.R. 984

(Bkrtcy.D.R.I.1981) that the creditor had a perfected security interest in a camping trailer even though it had not filed a new financing statement when it entered into a second security agreement with the Debtor. In *Thorp*, a financing statement filed in 1978 in connection with an earlier loan, and never terminated, was held sufficient to perfect the subsequent security interest. The facts in this case are nearly identical to those in *Thorp*, except that Co-Op perfected its security interest at the time of the first agreement by noting its lien on the title certificate, rather than by filing. Since the procedure set out in R.I.Gen.Laws § 31-3.-1-19 is exclusive, Co-Op properly perfected its security interest in 1977, and the notation on the title certificate is notice that Co-Op is the first lienholder.

For the reasons advanced in *Thorp Credit, Inc. v. Nason, supra,*[1] it is the conclusion of this Court that Co-Op Credit Union has a validly perfected security interest in the motor vehicle in question, and its request for relief from the automatic stay is granted.

---

1. See also, Hillman, *U.C.C. Documentation*, 56    N.D.L.Rev. 32, 36 (1980).